<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
SEAN WILLIAMS,                     )
                                   ) Civil Action
            Petitioner             ) No. 05-CV-03440
                                   )
      vs.                          )
                                   )
DAVID DIGUGLIELMO,                 )
THE DISTRICT ATTORNEY OF THE       )
  COUNTY OF PHILADELPHIA and       )
THE ATTORNEY GENERAL OF THE        )
  STATE OF PENNSYLVANIA,           )
                                   )
            Respondents            )
```

<u>O R D E R</u>

NOW, this 22nd day of May, 2006, upon consideration of the pro se Petition for Writ of Habeas Corpus, which petition was filed on July 5, 2005; upon consideration of the Answer to Petition for Writ of Habeas Corpus, which answer was filed December 16, 2005; upon consideration of the Memorandum of Law in Support of Answer to Petition for Writ of Habeas Corpus, which memorandum was filed December 16, 2005; upon consideration of Petition in Response, which petition was filed by petitioner on February 1, 2006; upon consideration of the Report and Recommendation of Magistrate Judge Charles B. Smith filed February 28, 2006; upon consideration of Plaintiffs [sic] Written Objections to the Report and Recommendation of United States Magistrate, Judge Charles B. Smith,[1] which objections were filed

---

[1] Petitioner raises four primary arguments in his objections to Magistrate Judge Smith's Report and Recommendation. He labels his arguments (1) Parole Board void of jurisdiction; (2) Extreme Fraud- Breach of Duty to Disclose; (3) Request for Fairness; and (4) Evidence of Crime by Corrupt State Officials.

March 13, 2006; it appearing that petitioner's objections are without merit; it further appearing after de novo review of this matter that Magistrate Judge Smith's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that Magistrate Judge Smith's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that petitioner's objections are overruled.[2]

---

We note that petitioner has raised the majority of the arguments presented in his objections previously. The Report and Recommendation of Magistrate Judge Smith directly addresses most of these arguments. Accordingly, we will specifically address just two of the points made by petitioner.

First, we will address petitioner's contention that his case should have been closed on May 29, 1997. Although petitioner has made this argument previously, Magistrate Judge Smith does not specifically explain the reason that plaintiff's argument on this point was unavailing. Second, we will respond to plaintiff's allegation, raised for the first time in his objections, that he was not out of his cell on October 18, 2005 and that a misconduct for that behavior was inappropriate.

[2] When objections are filed to a magistrate judge's report and recommendation, we are required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. We may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

With respect to petitioner's contention that his case was closed on May 29, 1997, we note that respondent has provided evidence to the contrary which has not been addressed by petitioner. We find that respondent's evidence disproves petitioner's claim and accordingly overrule petitioner's objection on this point.

---

Specifically, petitioner provided a copy of a decision by the Pennsylvania Board of Probation and Parole ("Board") dated December 13, 1994. <u>See</u> Exhibit A to Petition in Response.  The Board decision contains the language "Declare delinquent effective 10-14-94 and if not arrested or located by 05-29-97, cancel delinquency and close case."  Petitioner contends that his case was never reopened by the Board and that, therefore, he should not have been arrested.  Petition in Response at page 2.

Respondent contends that petitioner's representations regarding the actions taken by the Board are incorrect.  In support of this argument, respondent submits a declaration made by Kathryn Rowe, the Parole Manager for the Minimum/Review Unit for the Board.  In her declaration, Ms. Rowe states that a Board decision dated June 11, 1997 again declared petitioner delinquent as of October 14, 1994.  Declaration of Kathryn Rowe at paragraph 13.

Respondent also includes a copy of the June 11, 1997 Board decision as Attachment 4 to the Answer to Petition for Writ of Habeas Corpus.  This decision contains the language, "Modify Board action of 12-13-94 and now declare delinquent effective 10-14-94."

Based upon the information described above, we conclude that petitioner's objection regarding the closing of his case is meritless.  We find that his representation that the Board never reopened his case is inaccurate.  <u>See</u> Attachment 4 to Answer to Petition for Writ of Habeas Corpus.  Accordingly, we overrule petitioner's objection on this point.

Next we will address petitioner's objection regarding the misconduct he allegedly received for refusing to return to his cell.  Petitioner claims that he was not, in fact, out of his cell on October 18, 2005.  Instead, he contends, he was given an order to move into a different cell with a sick inmate.  Plaintiffs [sic] Written Objections to the Report and Recommendation of United States Magistrate, Judge Charles B. Smith ("Plaintiffs [sic] Written Objections") at page 2.

Petitioner's argument on this point seems to be that because neither this misconduct nor the misconduct he disputed prior to the filing of Magistrate Judge Smith's Report and Recommendation was legitimate, his grant of parole should not have been rescinded.  <u>See, generally</u>, Plaintiffs [sic] Written Objections at page 3.

Respondent represents in its Answer that on October 13, 2005, petitioner was ordered by Department of Corrections staff to go back into his cell.  Respondent claims that petitioner refused to comply with this order and was consequently issued a Class I Misconduct.  Answer to Petition for Writ of Habeas Corpus at paragraphs 23-24 (citing Declaration of Kathryn Rowe at paragraphs 30-31).  The Report and Recommendation filed by Magistrate Judge Smith notes that, at the time that the Report and Recommendation was prepared, petitioner had "fail[ed] to even dispute his second misconduct which was for refusing to return to his cell."  Report and Recommendation at page 9.

Petitioner has now disputed his second misconduct.  However, he has not disputed receiving a misconduct, but rather has provided evidence that the basis for the misconduct was different than that alleged by respondent.  In particular, petitioner has submitted a Misconduct Report dated October 18, 2005 which alleges that petitioner refused to obey an order to pack his cell in preparation for moving.  Exhibit D4 to Platiniffs Written Objections.

-3-

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is denied without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes.

BY THE COURT:


/s/James Knoll Gardner
James Knoll Gardner
United States District Judge

---

Petitioner's argument and evidence are unavailing.  In addition to addressing a different date than the misconduct cited by Respondent, petitioner's evidence indicates that he did, in fact, receive a misconduct.  Accordingly, we overrule petitioner's objection on this point.

As Magistrate Judge Smith notes, petitioner's reparole depended on his not receiving any misconducts.  Either of the two misconducts cited by respondents could have served as the basis for recission of petitioner's reparole.  The evidence provided by petitioner in his objection, rather than invalidating respondents' evidence, provides a third, independent basis for recission of his reparole.

Plaintiff provides no grounds from which we could conclude that all three misconducts were based upon "constitutionally impermissible reasons", as required to establish a due process violation for failure to grant reparole.  <u>Burkiett v. Love</u>, 89 F.3d 135, 139-140 (3d Cir. 1996).  Plaintiff does reiterate his earlier arguments, addressed by Magistrate Judge Smith in his Report and Recommendation, regarding his first misconduct for failure to provide a urine sample.  Plaintiffs [sic] Written Objections at 3.  As Magistrate Judge Smith notes, however, any one of the misconducts would have allowed recission of parole and an argument regarding just one misconduct is therefore inadequate.  Moreover, petitioner's argument on this point is substantively inadequate for the reasons outlined in the Report and Recommendation.  <u>See</u> Report and Recommendation at page 9.  Accordingly, we overrule petitioner's objection on this point.

_____